```
                    15 MAG    3141
Approved: _____
          ALEX ROSSMILLER
          Assistant United States Attorney

Before:   HONORABLE GABRIEL W. GORENSTEIN
          United States Magistrate Judge
          Southern District of New York
```

- - - - - - - - - - - - - - - - - x
                                  :   **COMPLAINT**
                                  :
UNITED STATES OF AMERICA          :   Violations of 18 U.S.C.
                                  :   §§ 2422(b); 2251(a),
          - v. -                   :   (c)(1) and (2), and (e);
                                  :   and 2252A(a)(2)(B) and
HASSAN KHAN,                      :   (b)(1)
                                  :
               Defendant.         :   COUNTY OF OFFENSE:
                                  :   NEW YORK
- - - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

   JONATHAN B. GERACI, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation ("FBI"), and charges as follows:

### COUNT ONE
(Coercion and Enticement of a Minor to
Engage in Illegal Sexual Activity)

   1.   From at least in or about 2008, up to and including at least in or about April 2012, in the Southern District of New York and elsewhere, HASSAN KHAN, the defendant, unlawfully, willfully, and knowingly, did use a facility and means of interstate and foreign commerce to persuade, induce, entice, and coerce an individual who had not attained the age of 18 years ("Victim-1") to engage in sexual activity for which a person can be charged with a criminal offense, and attempted to do so, to wit, KHAN used a computer and the Internet to persuade, induce, entice, and coerce Victim-1, a minor, to engage in sexual acts.

   (Title 18, United States Code, Section 2422(b).)




## COUNT TWO
(Coercion and Enticement of a Minor to
Engage in Illegal Sexual Activity)

2.   From at least in or about 2008, up to and including at least in or about May 2012, in the Southern District of New York and elsewhere, HASSAN KHAN, the defendant, unlawfully, willfully, and knowingly, did use a facility and means of interstate and foreign commerce to persuade, induce, entice, and coerce an individual who had not attained the age of 18 years ("Victim-1") to engage in sexual activity for which a person can be charged with a criminal offense, and attempted to do so, to wit, KHAN used a computer and the Internet to persuade, induce, entice, and coerce Victim-1, a minor, to send images, videos, and live visual depictions of Victim-1 engaging in sexual activity to KHAN over the Internet.

(Title 18, United States Code, Section 2422(b).)

## COUNT THREE
(Sexual Exploitation of a Child)

3.   From at least in or about 2008, up to and including at least in or about May 2012, in the Southern District of New York and elsewhere, HASSAN KHAN, the defendant, willfully and knowingly did employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and for the purpose of transmitting a live visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, which visual depiction was produced and transmitted using materials that had been mailed, and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and was actually transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, to wit, among other things, KHAN induced Victim-1, who during the time period was 12 to 15 years old and resided in a foreign country, to send sexually explicit images of herself to KHAN over the internet.

(Title 18, United States Code, Sections 2251(a), (e), and 2.)

**COUNT FOUR**
(Sexual Exploitation of a Child Outside of the United States)

4. From at least in or about 2008, up to and including at least in or about April 2012, in the Southern District of New York and elsewhere, HASSAN KHAN, the defendant, did employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct outside of the United States, for the purpose of producing any visual depictions of such conduct, intending such visual depictions to be transported to the United States by means including by using a means and facility of interstate and foreign commerce, to wit, KHAN induced a minor, Victim-1, who at all relevant times resided outside of the United States, to send images, videos, and live visual depictions of Victim-1 engaging in sexually explicit conduct to KHAN over the Internet.

(Title 18, United States Code, Sections 2251(c)(1), (c)(2)(A), (e), and 2.)

**COUNT FIVE**
(Receipt of Child Pornography)

5. From at least in or about 2008, up to and including at least in or about April 2012, in the Southern District of New York and elsewhere, HASSAN KHAN, the defendant, knowingly did receive and distribute material containing child pornography that had been mailed, and using any means and facility of interstate and foreign commerce shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, to wit, KHAN received over the internet live video images sent from a child under the age of 16 containing sexually explicit images of the child.

(Title 18, United States Code, Sections 2252A(a)(2)(B) and (b)(1).)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

6. I have been a Special Agent with the FBI for approximately eight years. I am currently assigned to the Violent Crimes Against Children squad in the FBI's New York Field Office. I have been assigned to investigate violations of criminal law relating to child exploitation and child pornography, and I have received training regarding these cases. This affidavit is based upon my personal participation in the investigation of this matter, my conversations with other law

3

enforcement agents and witnesses, my conversations with Victim-1, and my examination of reports and records. Because this affidavit is submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

## Definitions

7. The following terms have the indicated meaning in this Complaint:

    a. The terms "minor," "sexually explicit conduct," and "visual depiction," as used herein, are defined as set forth in Title 18, United States Code, Section 2256.

    b. The term "child pornography," as used herein, is a visual depiction of a minor involved in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(8).

## The KHAN Investigation

8. Based on my personal involvement in this investigation, my conversations with other law enforcement officers, my review of photographic and electronic records and documents, my review of messages between KHAN and Victim-1 sent via email, online chat, or social media accounts, and my review of documents maintained by law enforcement, including records of law enforcement interviews of Victim-1, and my own interview of Victim-1, I have learned, in substance and in part:

    a. In or about October 2007, Victim-1 met HASSAN KHAN, the defendant, through an online social network and virtual reality game called Habbo Hotel ("Habbo"). Habbo allows for chat room functionality and interaction through virtual cartoon characters, or "avatars." At the time, Victim-1 was approximately 11 years old and KHAN was approximately 20 years old. Habbo includes on its website linked pages such as "Information for Parents," "Tips for Parents," and "Is my child safe on Habbo?" as well as a "Safety Tips" page that instructs users that "People aren't always who they claim to be. If a Habbo asks you to meet with them in real life say 'No, thanks!' and immediately tell a moderator, your parents or another trusted adult." Victim-1 and KHAN communicated through Habbo, and eventually they exchanged details for their respective

4

accounts on MSN Messenger, an online chat platform.

  b.  Victim-1 initially told KHAN she was 12 years old, though in fact at the time she had just turned 11 years old.

  c.  In or about 2008, Victim-1 obtained access to a webcam, and Victim-1 and KHAN began communicating visually via the internet. In or about 2008, when Victim-1 was approximately 11 and 12 years old, KHAN began to ask Victim-1 to model clothing for him, remove some of her clothing, and show him parts of her body.

  d.  On or about September 17, 2009, when Victim-1 was 12 years old, KHAN, in an online chat communication to Victim-1, stated, "i was gonna say, wish i could see your bra, lol."

  e.  On or about September 17, 2009, when Victim-1 was 12 years old, KHAN, in an online chat communication to Victim-1, stated, "so how old do you want to be when you first do it, or is that too weird of a question haha."

  f.  In or about October 2009, Victim-1 told KHAN she was one year younger than she previously had stated to KHAN. When Victim-1 informed KHAN that she was one year younger than she had previously stated, KHAN was approximately 22 years old.

  g.  On or about October 12, 2011, KHAN, in online chat communications to Victim-1, stated, "oh you know the thing i remembered from 2 years ago [. . .] i was like hey [Victim-1], happy 14th birthday and then you were like oh its actually my 13th birthday.

  h.  On or about December 1, 2009, when Victim-1 was 13 years old, KHAN, in online chat communications to Victim-1, stated, "lol you need to masterbate [. . .]" and "i wonder if I could see your stomach lol."

  i.  In or about 2010, when Victim-1 was approximately 13 years old, Victim-1 agreed to show KHAN her stomach area and other parts of her body.

  j.  In or about 2010, when Victim-1 was approximately 13 and 14 years old, the video chats between Victim-1 and KHAN became more sexually explicit, including individual and mutual depictions of nudity and masturbation.

5

k.  On or about September 4, 2010, when Victim-1 was 13 years old, KHAN, in online chat communications to Victim-1, stated, "yah you suck lollipops and you are practicing for bjs."

l.  On or about October 24, 2010, when Victim-1 was 14 years old, KHAN, in online chat communications to Victim-1, stated, "you will never give bj ever? [. . .] that sucks, poor future [Victim-1's] husband lol."

m.  On or about July 8, 2011, when Victim-1 was 14 years old, KHAN, in an email to Victim-1, stated: "Speaking of bjs I had quite the perverted dream about you the other night, and then woke up super horny and thought of all the disgusting things I would do to you haha."

n.  On or about August 17, 2011, when Victim-1 was 14 years old, KHAN, in online chat communications to Victim-1, stated, "[Victim-1] i totally want to do you."

o.  In or about August 2011, when Victim-1 was approximately 14 years old, Victim-1 traveled to New York City with her family. During that visit, KHAN arranged to meet Victim-1 surreptitiously at a museum, located in Manhattan, and at the hotel at which Victim-1 and her family were staying, also located in Manhattan. At the hotel, KHAN took Victim-1 to a private area and kissed her. At that time, Victim-1 was approximately 14 years old and KHAN was 24 years old.

p.  Following the visit of Victim-1 and her family to New York, Victim-1 and KHAN remained in contact via the internet, including via live video and via email.

q.  On or about September 18, 2011, KHAN, in an email to Victim-1, stated: "What time do your parents go to dance btw and when do they return? I don't remember, and its important to know for sexy time considerations.."

9.  Based on my personal involvement in this investigation, my conversations with other law enforcement officers, my review of electronic records and documents, my review of messages between KHAN and Victim-1 sent via email, online chat, or social media accounts, and my review of documents maintained by law enforcement, including records of law enforcement interviews of Victim-1, and my own interview of Victim-1, I have learned, in substance and in part:

a.  In or about April 2012, KHAN flew to Country-1 to meet with Victim-1. During the trip to Country-1, which lasted

6

approximately nine days, Victim-1 and KHAN engaged in oral and vaginal sex on several occasions over multiple days. At that time, Victim-1 was 15 years old and KHAN was 24 years old.

        b. On or about March 4, 2012, KHAN sent an email to Victim-1 that included reservation confirmation information for a hotel in Country-1, for a night in April 2012. The confirmation information listed the "Guest(s)" as "Hassan Khan."

        c. Flight manifest records reflect that HASSAN KHAN, the defendant, traveled from John F. Kennedy Airport in New York to an airport in Country-1 on April 5, 2012, and into John F. Kennedy Airport in New York from an airport in Country-1 on April 14, 2012. Additionally, documents maintained by two hotels in Country-1 reflect bookings by KHAN during this period of time.

        d. Digital photographic images show KHAN and Victim-1 alone in a hotel room kissing, outside in public in Country-1, and together in indeterminate locations.

    10. Based on my personal involvement in this investigation, my conversations with other law enforcement officers, my review of photographic and electronic records and documents, my review of messages between KHAN and Victim-1 sent via email, online chat, or social media accounts, and my review of documents maintained by law enforcement, including records of law enforcement interviews of Victim-1, and my own interview of Victim-1, I have learned, in substance and in part:

        a. Subsequent online chat logs, following the visit of KHAN to Country-1, reflect explicit references to sexualized video chats, which KHAN sometimes referred to as "perv sessions." Chat logs also reflect KHAN being aware of, and explicitly mentioning, the age of Victim-1 when she was no older than 14 years of age.

        b. On or about May 15, 2012, KHAN, in a social media account message to Victim-1, stated: "So did you like the sex in April?"

        c. On or about July 5, 2012, KHAN, in an email to Victim-1, stated: "When do you start summer vacation btw? Think we should celebrate it by getting naked…"

        d. On or about October 15, 2012, KHAN, in an email to Victim-1, stated: "When my head was in your lap in April, you told me you would never leave me."

e. On or about November 2, 2012, KHAN, in an email to Victim-1, stated: "Everyday I think about it, and I just realize I was a terrible bf. I would . . . [g]uilt you into going on cam and showing me pictures and stuff. Guilt you even into perv sessions."

f. On or about January 9, 2013, KHAN, in an email to Victim-1, stated: "And now you are actually 16, you look older than [in] April. I can actually date you now."

g. On or about June 3, 2013, KHAN, in an email to Victim-1, stated: "I [. . .] knew you for 3 years before we met in the museum."

h. On or about July 29, 2013, KHAN, in an email to Victim-1, stated: "If you are upset that I had sex with you last April then too bad, but I would do it again if I had the chance. I didn't do anything wrong, in a lot of countries it would be legal, this age thing is a modern construct."

i. On or about October 22, 2013, KHAN, in an email to Victim-1, stated, referring to unanswered emails KHAN had sent to Victim-1: "[. . .] just reply and stop believing whatever the bullshit your counselors are feeding you."

j. On or about October 26, 2013, KHAN, in an email to Victim-1, stated: "I think you should delete all my emails and the thousands of fb messages and throw away my letters."

11. From my personal participation in this investigation, I have learned, among other things, that:

a. On or about September 3, 2015, law enforcement agents executed a search warrant at the residence of HASSAN KHAN, the defendant.

b. KHAN was present at his residence when agents arrived.

c. After being advised of his *Miranda* rights, KHAN waived his rights and agreed to speak with law enforcement agents and said, in substance and in part, that:

i) KHAN traveled to Country-1 and met Victim-1 there and engaged in oral and vaginal sex with Victim-1 in Country-1.

8

ii) KHAN knew that Victim-1 was a minor when he traveled to Country-1.

iii) KHAN conducted live online chats with Victim-1 from a residence in Yonkers, New York.

iv) KHAN masturbated on camera while video chatting with Victim-1.

d. An initial forensic review of the computer KHAN said belonged to him revealed that KHAN had searched the name of Victim-1 on an online search engine as recently as on or about September 2, 2015, and that KHAN had attempted to view a social media profile of Victim-1 as recently as on or about September 2, 2015.

WHEREFORE, the deponent respectfully requests that HASSAN KHAN, the defendant, be imprisoned or bailed, as the case may be.

JONATHAN B. GERACI
Special Agent
Federal Bureau of Investigation

Sworn to before me this
3rd day of September 2015

HONORABLE GABRIEL W. GORENSTEIN
United States Magistrate Judge
Southern District of New York